UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FICA FRIO LIMITED,<br><br>                            *Plaintiff*,<br><br>       - against -<br><br>JERRY SEINFELD,<br><br>                           *Defendant.* | Case No. 19-cv-1032 (VM)<br><br><br>**THIRD-PARTY COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |
| JERRY SEINFELD,<br><br>                       *Third-Party Plaintiff*,<br><br>       - against -<br><br>EUROPEAN COLLECTIBLES, INC.,<br><br>                       *Third-Party Defendant.* | |

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, Defendant and Third-Party Plaintiff Jerry Seinfeld ("Mr. Seinfeld" or "Third-Party Plaintiff"), by his undersigned counsel, bring this Third-Party Complaint against European Collectibles, Inc. ("European Collectibles" or "Third-Party Defendant"). Subject to and without waiving his rights, privileges, and defenses to claims by Plaintiff Fica Frio Limited ("Fica Frio" or "Plaintiff"), Mr. Seinfeld hereby alleges as follows:

### NATURE OF THE ACTION

1.    Jerry Seinfeld brings this Third-Party Complaint to correct the record and hold European Collectibles accountable. European Collectibles is a California-based classic car

dealer, which holds itself out as "the standard in classic and collector car restorations," and specializes "in vintage Porsche and European sports cars."

2.      In February 2013, Mr. Seinfeld purchased what he believed to be a 1958 Porsche 356 A 1500 GS/GT Carrera Speedster (the "Vehicle") from European Collectibles for $1.2 million.  Prior to this sale, Mr. Seinfeld had no relationship with European Collectibles.  It was European Collectibles that solicited Mr. Seinfeld's agent to propose a sale of the Vehicle to Mr. Seinfeld.

3.      When Mr. Seinfeld purchased the Vehicle from European Collectibles, he relied on European Collectibles' representations that the Vehicle was a "1958 Porsche 356A T2 1500GT Carrera Speedster," was "[o]ne of one GT Speedsters ordered in Auratium Green with Black," and had undergone a "[t]hree year restoration with all original parts, completed July 2012 by European Collectibles."

4.      Mr. Seinfeld also relied on a "Porsche Certificate of Authenticity" furnished by European Collectibles.

5.      In January 2016, Mr. Seinfeld consigned the Vehicle, along with seventeen other cars, for sale at a public auction held by Gooding & Company ("Gooding") in Amelia Island, Florida on March 11, 2016 (the "Auction").

6.      The Auction catalogue contained the description of the Vehicle that Mr. Seinfeld received from European Collectibles.  The Auction catalogue also referenced the Porsche Certificate of Authenticity that Mr. Seinfeld received from European Collectibles.

7.      In March 2016, Fica Frio purchased the Vehicle at the Auction for $1.54 million.

8.      On or about June 20, 2018, David Gooding, the president of Gooding, called Mr. Seinfeld to inform him that Fica Frio was alleging the Vehicle was inauthentic and desired to

rescind the sale.  This was the first time Mr. Seinfeld received notice that the Vehicle might be inauthentic.

9.      On February 1, 2019, Fica Frio filed a Complaint, captioned *Fica Frio Limited v. Jerry Seinfeld*, 19-cv-1032 (S.D.N.Y.) (the "Complaint," attached hereto as Exhibit A), against Mr. Seinfeld, alleging that the Vehicle "is not authentic and not the automobile Mr. Seinfeld represented."  Fica Frio seeks rescission of the Vehicle sale and an award of all the costs it has incurred, or, in the alternative, damages.

10.     Mr. Seinfeld has no knowledge of whether Fica Frio's allegations regarding the authenticity of the Vehicle are true.

11.     On information and belief, however, this is not the first time that a Porsche restored and sold by European Collectibles was alleged to be inauthentic by a disgruntled Porsche collector.  Further discovery in this action will reveal the extent to which European Collectibles deploys fraudulent practices in connection with its restoration and sale of classic cars.

12.     After the lawsuit was filed, Mr. Seinfeld promptly contacted European Collectibles to demand that it resolve this dispute directly with Fica Frio.  To date, European Collectibles has refused to do so.

13.     Any dispute over the Vehicle's authenticity should be between Fica Frio and European Collectibles.

14.     Founded more than 30 years ago, European Collectibles is a licensed automobile dealer and expressly represented to Mr. Seinfeld that it spent three years restoring the Vehicle with "all original parts."  If anybody knows whether this Vehicle is authentic, it is European Collectibles.

15.     Mr. Seinfeld, who purchased the Vehicle from European Collectibles and sold it to Fica Frio, is the man in the middle.

16.     The Complaint fails to allege why Mr. Seinfeld would sell an inauthentic Porsche at a high profile and public classic car auction, attended by the most sophisticated car collectors in the world.

17.     Mr. Seinfeld, who is a very successful comedian, does not need to supplement his income by building and selling counterfeit sports cars.

18.     The Complaint also fails to disclose that Mr. Seinfeld purchased the Vehicle from European Collectibles, a licensed automobile dealer and the company responsible for restoring the Vehicle.

19.     In the event that this Court finds the Vehicle to be inauthentic, European Collectibles caused any damages allegedly suffered by Fica Frio.

20.     If the Court finds the Vehicle to be inauthentic, then European Collectibles made fraudulent or negligent misrepresentations to Mr. Seinfeld regarding the Vehicle's authenticity; fraudulently concealed material facts regarding the Vehicle; breached the express warranty that the Vehicle was in fact a 1958 Porsche 356A T2 1500GT Carrera Speedster; and breached the contract governing the sale of the Vehicle.  In the alternative, Mr. Seinfeld and European Collectibles were both mistaken as to the Vehicle's authenticity.

21.     Mr. Seinfeld denies that he is responsible in any manner for any damages alleged in Fica Frio's Complaint.  In the event Mr. Seinfeld is held liable to Fica Frio, however, Mr. Seinfeld is entitled to full or partial indemnification from European Collectibles.

## PARTIES

22.     Defendant and Third-Party Plaintiff Jerry Seinfeld is an individual residing in New York.

23.     Third-Party Defendant European Collectibles, Inc. is a California corporation having its principal place of business in Costa Mesa, California.  European Collectibles "restor[es] cars for Domestic and International clients" and has "over 30 years of experience in shipping vehicles Nationally and Internationally."

24.     Plaintiff Fica Frio Limited is a Bailiwick of Jersey entity with its principal place of business in St. Helier, Jersey.

## JURISDICTION AND VENUE

25.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial number of the events giving rise to this action occurred in or impacted this District.

26.     This Court has subject matter jurisdiction over Mr. Seinfeld's claims under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship and the amount in controversy exceeds $75,000.

27.     This Court has personal jurisdiction over European Collectibles under New York Civil Practice Law and Rules ("CPLR") § 302(a)(1) because European Collectibles knowingly contracted to supply the Vehicle to a New York domiciliary.

28.     This Court also has personal jurisdiction over European Collectibles under CPLR § 302(a)(3) because, in the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster to be inauthentic, Mr. Seinfeld will have suffered harm as a result of European Collectibles' fraudulent or negligent misrepresentations regarding the Vehicle and European Collectibles' fraudulent concealment of material facts concerning the Vehicle. Moreover, European Collectibles knew or should have known that its misrepresentations and

omissions would have effects in New York, including the foreseeable result of inducing Mr.

Seinfeld to rely on those misrepresentations and omissions and transfer $1.2 million from his

New York bank account to European Collectibles' bank account as payment for the Vehicle.  On

information and belief, European Collectibles derives substantial revenue from interstate or

international commerce.  For example, European Collectibles states on its website that it

"restor[es] cars for Domestic and International clients" and has "over 30 years of experience in

shipping vehicles Nationally and Internationally."

## FACTUAL ALLEGATIONS

29.     Mr. Seinfeld does not by pleading these third-party claims admit any allegation of

fact or law in Fica Frio's Complaint.

**A.      Background.**

30.     Mr. Seinfeld has been collecting rare Porsches for many years.  Mr. Seinfeld is

widely known as one of the world's most prominent Porsche collectors and owns one of the

world's largest collection of Porsches.  Mr. Seinfeld employs Sam Cabiglio as his agent to

purchase and sell cars on his behalf.  Mr. Cabiglio has been purchasing and selling Porsches for

over forty-five years.  Over the course of the past twenty-five years, Mr. Seinfeld has worked

with Mr. Cabiglio on the purchase and sale of at least sixty cars.

31.     European Collectibles is a licensed automobile dealer in California.  European

Collectibles advertises on its website that it "has been in the business of restoring Concours

winning European sports cars since 1986" and that "Porsche is our mark of choice."  European

Collectibles also represents that it "perform[s] all restoration functions In House which enhances

efficiency and quality control is ASSURED."

32.     European Collectibles' website prominently features an article about European

Collectibles in issue #53 of *Classic Porsche Magazine*.  The article states that European

Collectibles focuses "its attention to Porsches, under the guidance of owner Nick Clemence and

sales manager, Chris Casler."  The article also notes that "[a]s European Collectibles benefits

from a strong reputation, 50 per cent of the inventory for sales comes from repeat customers.

Porsches ultimately represent the largest portion of the transactions to this day . . . ."

Specifically, "on the Porsche front, 356s remain on top of the sales chart."  The Vehicle at issue

in this dispute is a "356" model.

33.    According to a Statement of Information that European Collectibles filed with the

California Secretary of State, Nicolas "Nick" Clemence is the Chief Executive Office, Chief

Financial Officer, Secretary, and sole director of European Collectibles.

**B.    European Collectibles Solicits Mr. Seinfeld Regarding the Possible Sale of the Vehicle.**

34.    On February 2, 2013, Chris Casler, Sales Manager of European Collectibles,

emailed Mr. Cabiglio to propose a sale of the Vehicle to Mr. Seinfeld (attached hereto as Exhibit

B).  In the email, Mr. Casler states that the Vehicle is "Nick [Clemence's] personal 356

[Porsche] and he is considering to sell it."  Mr. Casler describes the Vehicle as follows:

> 1958 Porsche 356A T2 1500GT Carrera Speedster. One of one GT Speedsters ordered in Auratium Green with Black. (Only 13 Speedster finished in this color from the factory) Three year restoration with all original parts, completed July 2012 by European Collectibles.

*See* Exhibit B.

35.    Mr. Casler also writes that the Vehicle won "1st in Class" at three prominent

concours in 2012:

> Shown three times in 2012:
> *       356 Dana Point Concours - July 2012 Full Concour - 1st in Class & Best of Show
> *       The Quail - August 2012 Post War Sports Cars (out of 59 vehicles in class)
>         - 1st in Class
> *       Palos Verdes Concours d' Elegance - September 2012 - 1st in Class

*See* Exhibit B.

7

36.     Mr. Casler then notes that the offer price is $1,250,000 and includes fourteen images of the Vehicle at "The Quail" concours, where the Vehicle won "1st in Class."

37.     One image shows, on information and belief, Mr. Clemence standing beside the Vehicle and holding a trophy at The Quail concours:



38.     On information and belief, at the time European Collectibles solicited Mr. Seinfeld regarding the sale of the Vehicle, European Collectibles was aware of Mr. Seinfeld's reputation as one of the most prominent Porsche collectors in the world.

39.     At the time European Collectibles solicited Mr. Seinfeld regarding the sale of the Vehicle, Mr. Seinfeld and Mr. Cabiglio were aware of European Collectibles' reputation as a long-time and prominent restorer and seller of Porsches.

40.     At the time of this solicitation, Mr. Seinfeld had never purchased a car from European Collectibles.

41.     Shortly after receiving Mr. Casler's email, Mr. Cabiglio called Mr. Casler to learn more about the Vehicle.  Mr. Cabiglio spoke directly with Mr. Clemence and Mr. Casler on the phone on at least four occasions prior to purchasing the Vehicle.  Throughout this time, Mr. Clemence, Mr. Casler, and European Collectibles possessed superior knowledge regarding the Vehicle due to European Collectibles' "[t]hree year restoration" of the Vehicle.

42.     On or about February 11, 2013, Mr. Cabiglio visited European Collectibles' headquarters in Costa Mesa, California to inspect the Vehicle.  Mr. Clemence, Mr. Casler, and another European Collectibles employee, Jeffrey Trask, were present for Mr. Cabiglio's inspection.  Mr. Cabiglio performed a reasonably diligent inspection of the Vehicle.  Mr. Cabiglio inspected the exterior and interior of the Vehicle and, after requesting that the Vehicle be placed on a lift, inspected the Vehicle's undercarriage.

43.     During his inspection of the Vehicle, Mr. Cabiglio, with over forty-five years of experience buying and selling Porsches, did not notice any indications that the Vehicle was inauthentic or not the automobile Mr. Clemence, Mr. Casler, and European Collectibles represented it was in written and verbal communications.

44.     European Collectibles also furnished Mr. Seinfeld with a "Porsche Certificate of Authenticity," stating: "The Porsche vehicle with the identification number listed below was manufactured with the following assembly specifications:" Vehicle Identification Number ("VIN"): "84908" and "Model Year/Type: 1958 356A/Carrera 1500 GT Speedster."  The certificate was signed by Detlev von Platen, President and Chief Executive Officer, Porsche Cars North America, Inc. (attached hereto as Exhibit C).

**C.      Relying on European Collectibles' Representations, Mr. Seinfeld Purchases the Vehicle from European Collectibles for $1.2 Million.**

45.     Relying on European Collectibles' representations regarding, *inter alia*, the Vehicle's authenticity, model, make, rarity, provenance, and uniqueness, Mr. Seinfeld purchased the Vehicle from European Collectibles on February 14, 2013 for $1.2 million.  This was the first and only time Mr. Seinfeld purchased a car from European Collectibles.

46.     Mr. Seinfeld had every reason to rely on European Collectibles' representations, given European Collectibles' reputation as a long-time and prominent restorer and seller of Porsches.  European Collectibles' website includes an "inventory" of prior sales.  According to this inventory, European Collectibles has sold approximately 230 Porsches, including fourteen 1958 356A Porsches.

47.     Mr. Seinfeld also had every reason to rely on European Collectibles' representations due to Mr. Cabiglio's personal inspection of the Vehicle.  Mr. Seinfeld reasonably relied on Mr. Cabiglio's inspection of the Vehicle due to his trust and confidence in Mr. Cabiglio and Mr. Cabiglio's extensive expertise in purchasing and selling Porsches.

48.     On February 14, 2013, European Collectibles executed a Motor Vehicle Purchase Order (the "Purchase Order," attached hereto as Exhibit D), whereby European Collectibles agreed to sell the Vehicle to Mr. Seinfeld for $1.2 million.  The Purchase Order lists "European Collectibles, Inc., 1665 Babcock St, Costa Mesa, CA 92627" as the "Creditor-Seller" and "Jerry Seinfeld, 2971 Belmore Ave, Belmore, NY 11710" as the "Buyer."  The Purchase Order includes the following description of the Vehicle:

- New Used: Used
- Year: 58
- Make and Model: Porsche 356 Carrera 1500 GT Speedster
- Odometer: 32,303
- Vehicle Identification Number: 84908

*See* Exhibit D.

49.     The Purchase Order is a form contract with stock conditions and disclaimers. Given that this was a form contract, the vast majority of the terms on the Purchase Order were not applicable to the sale of the Vehicle.  Several terms were crossed out by European Collectibles as "N/A."  The Purchase Order contained only general and stock disclaimers.  The Purchase Order did not contain any disclaimer expressly stating that the buyer was not entitled to rely upon the seller's descriptions of the Vehicle.  The Purchase Order did not contain any disclaimer that the seller's descriptions of the Vehicle were not part of the basis of the bargain of the purchase and sale of the Vehicle.

**D.      Mr. Seinfeld Owns the Vehicle for Three Years Before Publicly Auctioning It in March 2016.**

50.     On January 27, 2016, Mr. Seinfeld executed a Consignment Agreement with Gooding, agreeing to consign eighteen cars, including the Vehicle, for sale at Gooding's public auction in Amelia Island, Florida on March 11, 2016 (the "Consignment Agreement," attached hereto as Exhibit E).

51.     Mr. Seinfeld provided Gooding with the same description of the Vehicle and Porsche Certificate of Authenticity that he received from European Collectibles.

52.     Participants in the Auction, including Fica Frio and Mr. Seinfeld, agreed to be bound by the "Important Notices" and "Conditions of Sale," attached as "Exhibit A" to the Consignment Agreement (the "Auction Contract").  *See* Exhibit E at 27–35.  The Auction Contract was also attached to the Auction catalogue and to the Auction's Bidder Registration Application.

53.     The Auction Contract contains six pages of detailed non-stock conditions of sale. These conditions included the following disclaimers:

- **The buyer may not rely on descriptions of the vehicle and agrees that such descriptions are not part of the basis of the bargain**: "[A]ny reference to a Vehicle as being a particular model, make, or type or the rarity or uniqueness or provenance thereof, are only statements or opinion and not statements of fact" and that "[e]ach bidder and Buyer hereby acknowledges and agrees that they are not entitled to rely, and they each agree not to rely, upon any of such descriptions . . . and that none of the foregoing are a part of the basis of the bargain of the purchase and sale of any Vehicle . . . ."

- **The buyer has the responsibility to inspect the vehicle before bidding and rely on his own independent inspection**: "Bidders are responsible to inspect the Vehicles prior to bidding, and satisfy themselves, as to the condition of the Vehicles and all other matters relating to the Vehicles, including, without limitation, condition, title, importance, value, quality, authenticity, description (including, without limitation, the catalogue description), provenance . . . ." and that "Bidders are provided an opportunity to inspect the Vehicles prior to bidding and are invited and strongly encouraged to conduct and must solely rely upon their own independent inspection and examination of any Vehicle and all matters relating thereto before placing any bid."

- **The sale of the car is As Is**: "All sales are AS IS -- WHERE IS." (capitalized in original).

- **No catalogue description shall be deemed to create a representation or warranty**: "NO CATALOGUE DESCRIPTION . . . IS INTENDED TO BE, OR SHALL BE DEEMED TO BE OR DEEMED TO CREATE, A REPRESENTATION OR WARRANTY OR ASSUMPTION OF ANY LIABILITY BY GOODING OR SELLER." (capitalized in original).

- **No acceptance or assumption of liability by seller for the accuracy of the vehicle's description**: "NEITHER GOODING NOR THE SELLER MAKES ANY REPRESENTATION OR WARRANTY OF ANY KIND, EXPRESS OR IMPLIED, AS TO . . . CORRECTNESS, ACCURACY OR ADEQUACY OF ANY DESCRIPTION, . . . AUTHENTICITY, QUALITY, PROVENANCE, TITLE, RARITY OR HISTORICAL RELEVANCE WITH REGARD TO ANY VEHICLE . . . NOR DO GOODING OR THE SELLER ACCEPT OR ASSUME ANY LIABILITY OR RESPONSIBILITY FOR ANY OF THE FOREGOING." (capitalized in original).

*See* Exhibit E at 31–35.

54.     James Haithwaite, a representative of Fica Frio, and Carlos Monteverde, who, on information and belief, owns Fica Frio, attended the Auction.

55.     Gooding prepared an Auction catalogue, which included a detailed description of the Vehicle.  The descriptions included details that matched the representations Mr. Seinfeld received from European Collectibles.  For example, the Auction catalogue listed the VIN as

84908 and stated that the Vehicle was the only Speedster finished in "Auratium Green."  The

Auction catalogue also stated that the Vehicle "is offered with a Porsche Certificate of

Authenticity," which is the same certificate that European Collectibles provided to Mr. Seinfeld.

*See* Exhibit A at 16, 22.

56.     The Auction catalogue also disclosed the fact that "little is known of the

[Vehicle's] history."  It explained that:

> In 2009 or 2010, Nick Clemence, proprietor of European Collectibles . . . purchased the
> unrestored [Vehicle] through a broker who represented the car's long-term owner.  In a
> letter from European Collectibles provided to Gooding & Company, Mr. Clemence
> described the condition of 84908 when it arrived at his shop in California.  'When I
> purchased the Speedster the engine was out and in pieces . . . . but the Speedster was
> mostly complete.'

Exhibit A at 18.

57.     On information and belief, the letter that Mr. Clemence provided to Gooding,

which Gooding quoted in the Auction catalogue, is the same document quoted in ¶ 26 of Fica

Frio's Complaint, Exhibit A.

58.     On information and belief, Mr. Haithwaite and/or Mr. Monteverde conducted a

pre-sale inspection of the Vehicle at the Auction.

59.     Fica Frio made a $1.4 million winning bid for the Vehicle at the Auction, which,

with the Auction's 10% buyer premium, brought the purchase price to $1.54 million.

60.     At the Auction, Mr. Seinfeld's cars sold for a collective total of $22,244,500.

**E.     Mr. Seinfeld Learns About Fica Frio's Allegations in June 2018.**

61.     On or about June 20, 2018, David Gooding, the president of Gooding, called Mr.

Seinfeld to inform him that Fica Frio was alleging the Vehicle was inauthentic and desired to

rescind the sale.

62.     The June 20, 2018 call from David Gooding was the first time Mr. Seinfeld received notice that the Vehicle might be inauthentic.  Prior to this call, Mr. Seinfeld had no reason to suspect, nor was there any means through which reasonable diligence would have revealed, that the Vehicle might be inauthentic.  Notably, Mr. Cabiglio's February 2013 inspection of the Vehicle did not reveal any reason to suspect that the Vehicle might be inauthentic.

63.     The next day, Mr. Seinfeld, stunned at this allegation, called Mr. Monteverde of Fica Frio to apologize "for this nuisance" and to explain that Mr. Clemence "has got himself in a nice hot pot of trouble" because he "definitely knows what happened here."  Mr. Seinfeld also said that "my guys did not . . . see anything amiss with the car when I bought it."  In the context of investigating Fica Frio's allegations regarding the authenticity of the Vehicle, Mr. Seinfeld stated that Fica Frio will "get all [its] money back."  Mr. Seinfeld never promised that *he* would be reimbursing Mr. Monteverde.  The clear message was that Mr. Clemence of European Collectibles was responsible if the car was inauthentic.

64.     Six months later, instead of working with Mr. Seinfeld in good faith to investigate the allegation that the car was inauthentic, Fica Frio filed this misguided lawsuit against Mr. Seinfeld.

65.     Fica Frio should have sued European Collectibles instead.

66.     Mr. Seinfeld denies that he is responsible in any manner for any damages alleged in Fica Frio's Complaint.  In the event Mr. Seinfeld is held liable to Fica Frio, however, Mr. Seinfeld is entitled to indemnity and/or contribution from European Collectibles.

## FIRST CAUSE OF ACTION

(Fraudulent Misrepresentation)

67.     Mr. Seinfeld repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

68.     Beginning with the February 2, 2013 email from Chris Casler to Sam Cabiglio, European Collectibles made numerous representations to Mr. Seinfeld and/or his agent that it possessed a "1958 Porsche 356A T2 1500GT Carrera Speedster," and that the Vehicle was "[o]ne of one GT Speedsters ordered in Auratium Green with Black."  As a testament to its purported rarity, European Collectibles offered the Vehicle for sale at $1,250,000.  European Collectibles also furnished Mr. Seinfeld with a "Porsche Certificate of Authenticity" for the Vehicle.

69.     In the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster sold by European Collectibles to Mr. Seinfeld—and thereafter sold by Mr. Seinfeld to Fica Frio—to be inauthentic, then European Collectibles' representations were false. European Collectibles did not possess a 1958 Porsche 356A T2 1500GT Carrera Speedster.

70.     European Collectibles knew that its representations were false when it made them and/or made its representations recklessly and without regard for their truth.  European Collectibles holds itself out as the "standard in classic and collector car restorations," and promises on its website that "quality control is ASSURED."  Moreover, European Collectibles represented to Mr. Seinfeld that it had spent "[t]hree years restor[ing]" the Vehicle "with all original parts."  During this time and due to its extensive experience in the Porsche restoration industry, on information and belief, European Collectibles knew or learned that the Vehicle it possessed was not an authentic 1958 Porsche 356A T2 1500GT Carrera Speedster.

71.     European Collectibles intended for Mr. Seinfeld rely on its representations and/or should have reasonably expected Mr. Seinfeld to rely on those representations.  For instance, European Collectibles' February 2, 2013 email emphasized that "[t]his is Nick's personal 356 and he is considering to sell it," and, following the relevant misrepresentations, stated that the Vehicle was being "[o]ffered for $1,250,000."  European Collectibles also furnished Mr. Seinfeld with a "Porsche Certificate of Authenticity" for the Vehicle.

72.     Mr. Seinfeld reasonably and justifiably relied on European Collectibles' representations regarding the alleged 1958 Porsche 356A T2 1500GT Carrera Speedster. European Collectibles advertises that it has "been in the business of restoring Concours winning European sports cars since 1986," and that "Porsche is our mark of choice."  Moreover, European Collectibles represented that the alleged 1958 Porsche 356A T2 1500GT Carrera Speedster had won "1st in Class & Best of Show" at the "356 Dana Point Concours – July 2012 Full Concour," won "1st in Class" at "The Quail – August 2012 Post War Sports Car (out of 59 Vehicles in class)," and won "1st in Class" at the "Palos Verdes Concours d' Elegance – September 2012."

73.     In the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster to be inauthentic, Mr. Seinfeld will have suffered harm as a result of European Collectibles' representations.  In direct response to European Collectibles' solicitations, Mr. Seinfeld transferred $1.2 million to European Collectibles as payment for the Vehicle.  If the Vehicle is adjudged to be inauthentic, it will dramatically depreciate in value and Mr. Seinfeld will potentially be liable and suffer financial loss for unknowingly selling an inauthentic car to Fica Frio.

74.    In intentionally misrepresenting the authenticity and provenance of the Vehicle, European Collectibles acted with malice, willfulness, and/or reckless indifference to the rights of Mr. Seinfeld.

## SECOND CAUSE OF ACTION

(Negligent Misrepresentation)

75.    Mr. Seinfeld repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

76.    Beginning with the February 2, 2013 email from Mr. Casler to Mr. Cabiglio, European Collectibles made numerous representations to Mr. Seinfeld and/or his agent that it possessed a "1958 Porsche 356A T2 1500GT Carrera Speedster," and that the Vehicle was "[o]ne of one GT Speedsters ordered in Auratium Green with Black."  As a testament to its purported rarity, European Collectibles offered the Vehicle for sale at $1,250,000.  European Collectibles also furnished Mr. Seinfeld with a "Porsche Certificate of Authenticity" for the Vehicle.

77.    In the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster sold by European Collectibles to Mr. Seinfeld—and thereafter sold by Mr. Seinfeld to Fica Frio—to be inauthentic, then European Collectibles' representations were false. European Collectibles did not possess a 1958 Porsche 356A T2 1500GT Carrera Speedster.

78.    European Collectibles did not have a reasonable basis to believe that its representations about the Vehicle were true when it made those representations to Mr. Seinfeld. On information and belief, European Collectibles failed to adequately investigate the Vehicle's provenance when it originally acquired the unrestored Vehicle.

79.    European Collectibles intended for Mr. Seinfeld to rely on its representations and/or should have reasonably expected Mr. Seinfeld to rely on those representations.  For

17

instance, European Collectibles' February 2, 2013 email emphasized that "[t]his is Nick's personal 356 and he is considering to sell it," and, following the relevant misrepresentations, stated that the Vehicle was being "[o]ffered for $1,250,000."

80.    Mr. Seinfeld reasonably and justifiably relied on European Collectibles' representations regarding the alleged 1958 Porsche 356A T2 1500GT Carrera Speedster. European Collectibles advertises that it has "been in the business of restoring Concours winning European sports cars since 1986," and that "Porsche is our mark of choice."  Moreover, European Collectibles represented that the alleged 1958 Porsche 356A T2 1500GT Carrera Speedster had won "1st in Class & Best of Show" at the "356 Dana Point Concours – July 2012 Full Concour," won "1st in Class" at "The Quail – August 2012 Post War Sports Car (out of 59 Vehicles in class)," and won "1st in Class" at the "Palos Verdes Concours d' Elegance – September 2012."

81.    In the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster to be inauthentic, Mr. Seinfeld will have suffered harm as a result of European Collectibles' representations.  In direct response to European Collectibles' solicitations, Mr. Seinfeld transferred $1.2 million to European Collectibles as payment for the Vehicle.  If the Vehicle is adjudged to be inauthentic, it will dramatically depreciate in value and Mr. Seinfeld will potentially be liable and suffer financial loss for unknowingly selling an inauthentic car to Fica Frio.

**THIRD CAUSE OF ACTION**

(Fraudulent Concealment)

82.    Mr. Seinfeld repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

18

83.     On February 2, 2013, European Collectibles represented to Mr. Seinfeld that it was offering for sale a "1958 Porsche 356A T2 1500GT Carrera Speedster," and that the Vehicle was "[o]ne of one GT Speedsters ordered in Auratium Green with Black."  European Collectibles also furnished Mr. Seinfeld with a "Porsche Certificate of Authenticity" for the Vehicle.

84.     In the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster sold by European Collectibles to Mr. Seinfeld—and thereafter sold by Mr. Seinfeld to Fica Frio—to be inauthentic, then European Collectibles concealed and/or suppressed material facts concerning the Vehicle, specifically the fact that the purported 1958 Porsche 356A T2 1500GT Carrera Speedster was not authentic.

85.     In the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster to be inauthentic, then European Collectibles had a duty to disclose that fact to Mr. Seinfeld.  The authenticity of the Vehicle is a fact that was known and/or accessible only to European Collectibles, who had superior knowledge due to the three years it spent restoring the Vehicle.

86.     The Vehicle's authenticity is a material fact.  Mr. Seinfeld, like any reasonable consumer, would not have purchased the Vehicle had he known it was inauthentic.

87.     European Collectibles actively concealed and/or suppressed material facts concerning the Vehicle's authenticity with the intent to induce Mr. Seinfeld to purchase the Vehicle.

88.     Mr. Seinfeld reasonably and justifiably relied on European Collectibles' representations and omissions regarding the alleged 1958 Porsche 356A T2 1500GT Carrera Speedster.  European Collectibles advertises that it has "been in the business of restoring

Concours winning European sports cars since 1986," and that "Porsche is our mark of choice." Moreover, European Collectibles represented that the alleged 1958 Porsche 356A T2 1500GT Carrera Speedster had won "1st in Class & Best of Show" at the "356 Dana Point Concours – July 2012 Full Concour," won "1st in Class" at "The Quail – August 2012 Post War Sports Car (out of 59 Vehicles in class)," and won "1st in Class" at the "Palos Verdes Concours d' Elegance – September 2012."

89.     In the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster to be inauthentic, Mr. Seinfeld will have suffered harm as a result of European Collectibles' representations and omissions.  In direct response to European Collectibles' solicitations, Mr. Seinfeld transferred $1.2 million to European Collectibles as payment for the Vehicle.  If the Vehicle is adjudged to be inauthentic, it will dramatically depreciate in value and Mr. Seinfeld will potentially be liable and suffer financial loss for unknowingly selling an inauthentic car to Fica Frio.

## FOURTH CAUSE OF ACTION

(Breach of Express Warranty Under Cal. Com. Code Section 2313)

90.     Mr. Seinfeld repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

91.     On February 2, 2013, European Collectibles represented to Mr. Seinfeld that it was offering for sale a "1958 Porsche 356A T2 1500GT Carrera Speedster," and that the Vehicle was "[o]ne of one GT Speedsters ordered in Auratium Green with Black."  European Collectibles also furnished Mr. Seinfeld with a "Porsche Certificate of Authenticity" for the Vehicle.

92.     These affirmative descriptions of the Vehicle were made part of the basis of the bargain and thereby created an express warranty that the Vehicle was in fact a 1958 Porsche

356A T2 1500GT Carrera Speedster pursuant to California Commercial Code § 2313.  Indeed, twelve days after European Collectibles made those affirmative descriptions of the Vehicle, European Collectibles executed a Purchase Order whereby European Collectibles agreed to sell Mr. Seinfeld a "Porsche 356 Carrera 1500 GT Speedster" with VIN number 84908 for $1.2 million.

93.     In the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster sold by European Collectibles to Mr. Seinfeld—and thereafter sold by Mr. Seinfeld to Fica Frio—to be inauthentic, then the Vehicle was not the car listed on the Purchase Order and promised to Mr. Seinfeld by European Collectibles.  In selling the non-conforming Vehicle, European Collectibles breached its express warranty with Mr. Seinfeld.

94.     Additionally, in the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster to be inauthentic, Mr. Seinfeld will have suffered harm as a result of European Collectibles' breach of the express warranty.  In direct reliance on the express warranty, Mr. Seinfeld transferred $1.2 million to European Collectibles as payment for the Vehicle.  If the Vehicle is adjudged to be inauthentic, it will dramatically depreciate in value and Mr. Seinfeld will potentially be liable and suffer financial loss for unknowingly selling an inauthentic car to Fica Frio.

## FIFTH CAUSE OF ACTION

(Breach of Contract)

95.     Mr. Seinfeld repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

96.     On February 14, 2013, European Collectibles executed a Purchase Order whereby European Collectibles agreed to sell Mr. Seinfeld a "Porsche 356 Carrera 1500 GT Speedster" with VIN number 84908 for $1.2 million.

21

97.     Mr. Seinfeld performed his obligation under the contract by transferring $1.2 million to European Collectibles as payment for the Vehicle.

98.     In the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster to be inauthentic, then European Collectibles breached the Purchase Order by selling Mr. Seinfeld a vehicle that was not the agreed-upon "Porsche 356 Carrera 1500 GT Speedster" with VIN number 84908.

99.     Additionally, in the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster to be inauthentic, Mr. Seinfeld will have suffered harm as a result of European Collectibles' breach of the Purchase Order.  If the Vehicle is adjudged to be inauthentic, it will dramatically depreciate in value and Mr. Seinfeld will potentially be liable and suffer financial loss for unknowingly selling an inauthentic car to Fica Frio.

### SIXTH CAUSE OF ACTION

(Rescission – Mutual Mistake)

100.    Mr. Seinfeld repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

101.    On February 2, 2013, European Collectibles represented to Mr. Seinfeld that it was offering for sale a "1958 Porsche 356A T2 1500GT Carrera Speedster," and that the Vehicle was "[o]ne of one GT Speedsters ordered in Auratium Green with Black."  European Collectibles also furnished Mr. Seinfeld with a "Porsche Certificate of Authenticity" for the Vehicle.

102.    Thereafter, on February 14, 2013, European Collectibles executed a Purchase Order whereby European Collectibles agreed to sell Mr. Seinfeld a "Porsche 356 Carrera 1500 GT Speedster" with VIN number 84908 for $1.2 million.

103.    Mr. Seinfeld reasonably and justifiably relied on European Collectibles' representations regarding the Vehicle in entering into the Purchase Order.  European Collectibles advertises that it has "been in the business of restoring Concours winning European sports cars since 1986," and that "Porsche is our mark of choice."  Moreover, European Collectibles represented that the alleged 1958 Porsche 356A T2 1500GT had won "1st in Class & Best of Show" at the "356 Dana Point Concours – July 2012 Full Concour," won "1st in Class" at "The Quail – August 2012 Post War Sports Car (out of 59 Vehicles in class)," and won "1st in Class" at the "Palos Verdes Concours d' Elegance – September 2012."

104.    Whether the Vehicle is an authentic Porsche 356A T2 Carrera 1500 GT Speedster with VIN number 84908 is a material fact.

105.    In the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster to be inauthentic, Mr. Seinfeld and European Collectibles were both mistaken as to the Vehicle's authenticity when the Purchase Order was executed.

106.    At all times, Mr. Seinfeld exercised reasonable diligence, and acted in good faith and in accordance with reasonable standards of dealing.  The Vehicle's authenticity was not readily detectable by Mr. Seinfeld by the means of inspection available to him prior to the sale.

107.    European Collectibles would not have offered the Vehicle for sale to Mr. Seinfeld, and Mr. Seinfeld would not have purchased the Vehicle for $1.2 million, but for the mistake as to the Vehicle's authenticity.

108.    As a result, in the event that this Court finds the purported 1958 Porsche 356A T2 1500GT Carrera Speedster to be inauthentic, Mr. Seinfeld is entitled to rescission.

**SEVENTH CAUSE OF ACTION**

(Equitable Indemnity)

109.     Mr. Seinfeld repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

110.     In the event that Mr. Seinfeld is held liable to Fica Frio in connection with the March 11, 2016 sale of the Vehicle, such damage or loss was occasioned by European Collectibles' fraudulent or negligent misrepresentations regarding the Vehicle's authenticity and provenance, fraudulent concealment of material facts regarding the Vehicle, and/or by European Collectibles' breach of the express warranty and Purchase Order.  In the alternative, such damage or loss was occasioned by reason of mutual mistake between Mr. Seinfeld and European Collectibles regarding the Vehicle's authenticity.

111.     As between Mr. Seinfeld and European Collectibles, European Collectibles must discharge its obligation to Fica Frio.  European Collectibles is liable for any damages and losses claimed by Fica Frio stemming from Fica Frio's March 11, 2016 purchase of the Vehicle.  Mr. Seinfeld's liability, if any, is secondary and derivative.

112.     As a result of the foregoing, European Collectibles should be required to indemnify and hold Mr. Seinfeld harmless for any amount Mr. Seinfeld may be required to pay.

**PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiff prays for judgment against Third-Party Defendant as follows:

A.     For actual and compensatory damages, in an amount to be determined at trial;

B.     In the alternative, for a judgment rescinding the Vehicle sale and awarding Third-Party Plaintiff all of the fees, costs, and expenses he has incurred;

C.      For a judgment requiring Third-Party Defendant to fully or partially indemnify and hold Third-Party Plaintiff harmless with respect to all liabilities, losses, costs, and obligations arising out of or relating in any way to the March 11, 2016 sale of the Vehicle;

D.      For an award of punitive damages to be determined at trial, to deter Third-Party Defendant from engaging in further malicious and fraudulent conduct;

E.      For interest as allowed by law, including pre-judgment interest and post-judgment interest;

F.      For the costs and disbursements of this action; and

G.      For such other and further relief as to this Court may appear just and proper.

Dated: New York, New York          GIBSON, DUNN & CRUTCHER LLP
       February 25, 2019

                                   By:    /s/ Orin Snyder

                                   Orin Snyder
                                   David M. Kusnetz
                                   200 Park Avenue
                                   New York, NY 10166-0193
                                   Telephone: (212) 351-4000
                                   Facsimile: (212) 351-4035
                                   osnyder@gibsondunn.com
                                   dkusnetz@gibsondunn.com

                                   *Attorneys for Defendant Jerry Seinfeld*