

# LINDABURY
McCormick, Estabrook & Cooper, P.C.
Attorneys at Law

Jay Lavroff
908-301-5615
jlavroff@lindabury.com

April 26, 2019

**Via fax (212)805-6382**
Hon. Victor Marrero, U.S.D.J.
United States Courthouse
Suite 1000
500 Pearl Street
New York, NY 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 4/29/19

Re:  *Fica Frio, Ltd. v. Seinfeld, et al*
Civil Action No. 19-CV-1032 (VM)

Dear Judge Marrero,

We represent third-party defendant European Collectibles in the above captioned matter. We previously submitted a letter to Third-Party Plaintiff's counsel pursuant to Your Honor's individual practice rules setting forth our position that the Court lacks personal jurisdiction over European Collectibles. As such, we expressed our intention to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(B). A copy of the letter was sent to Your Honor and appears on the docket as document 17. Counsel for Third-Party Plaintiff responded to our letter and disputed European Collectible's position on the merits of the proposed motion. A copy of that letter is submitted herewith for Your Honor's ready reference. Third-Party Plaintiff did not offer to amend its pleadings to present additional facts supporting personal jurisdiction and is unwilling to voluntarily dismiss the Third-Party Complaint.

This letter is being sent pursuant Your Honor's individual practice rule II(B)(2) to advise that the parties have been unable to resolve their differences regarding the Third-Party Complaint. European Collectibles continues to assert that the filing of a motion to dismiss for lack of personal jurisdiction is appropriate. The Third-Party Complaint lacks a factual basis for the exercise of personal jurisdiction over European Collectibles as evidenced by Third-Party Plaintiff's reliance, in part, upon "information and belief" and allegations that European Collectibles will establish are factually inaccurate. Moreover, it is European Collectibles' position that the cases relied upon by Third-Party Plaintiff are inapposite and factually distinguishable from the present matter. This will be addressed in detail and supported by affidavits if the proposed motion is allowed.

Kindly accept this letter as European Collectibles' request for a conference call to establish a schedule for the filing and briefing of the motion to dismiss for lack of personal jurisdiction. The current deadline for European Collectibles to file responsive pleadings is May 5, 2019.

Thank you for your courtesies.

Respectfully yours,

**LINDABURY McCORMICK ESTABROOK & COOPER**

Jay Lavroff

cc: David M. Kusnetz, Esq. (via email & first-class mail)
Eric B. Levine, Esq.

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Third party defendant European Collectables.
>
> SO ORDERED.
>
> 4-26-19
> DATE          VICTOR MARRERO, U.S.D.J.

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

April 18, 2019

VIA FIRST CLASS AND ELECTRONIC MAIL

Jay Lavroff, Esq.
Lindabury, McCormick, Estabrook & Cooper, P.C.
53 Cardinal Drive
Westfield, NJ 07091

Re:   *Fica Frio Limited v. Jerry Seinfeld v. European Collectibles, Inc.*, No. 19-cv-1032 (S.D.N.Y.)

Dear Mr. Lavroff:

We represent Defendant Jerry Seinfeld in the above-captioned matter. We write in response to your pre-motion to dismiss letter, received on April 11, 2019. Dkt. No. 17.

Your demand that Mr. Seinfeld dismiss his Third-Party Complaint against European Collectibles, Inc. ("European Collectibles") for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) has no basis in law or fact. Contrary to Rule II.B.1 of the Court's Individual Practices, your letter fails to cite a single case, let alone "controlling authorities," to support your position that there is no personal jurisdiction over European Collectibles under New York's long-arm statute, C.P.L.R. § 302. The dearth of authorities in your letter is unsurprising, as this case presents a textbook example of personal jurisdiction under C.P.L.R. § 302(a)(3)(ii).

Mr. Seinfeld is "'required to make only a prima facie showing that [European Collectibles] is amenable to personal jurisdiction in New York' to survive a motion to dismiss, and all 'doubts are resolved in [Mr. Seinfeld's] favor.'" *Pearson Educ., Inc. v. Shi*, 525 F. Supp. 2d 551, 557 (S.D.N.Y. 2007) (Marrero, J.) (citation omitted). Jurisdiction under C.P.L.R. § 302(a)(3)(ii) is proper if:

> (1) the defendant has committed a tortious act outside of New York, (2) the cause of action arises out of that tortious act, (3) the act must have caused injury to a person or property within New York; (4) the defendant expected or reasonably should have expected the act to have consequences in New York, and (5) the defendant derives substantial revenue from interstate or international commerce.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# GIBSON DUNN

Jay Lavroff, Esq.
April 18, 2019
Page 2

*JP Morgan Chase Bank, N.A. v. Law Office of Robert Jay Gumenick, P.C.*, 2011 WL 1796298, at *5 (S.D.N.Y. Apr. 22, 2011) (Marrero, J.).

Applying these standards, this Court has personal jurisdiction over European Collectibles.

(1) If the Court finds the 1958 Porsche 356 A 1500 GS/GT Carrera Speedster (the "Vehicle") to be inauthentic, then European Collectibles—located in California—made misrepresentations to Mr. Seinfeld that the Vehicle, *inter alia*, was a "1958 Porsche 356A T2 1500GT Carrera Speedster," was "[o]ne of one GT Speedsters ordered in Auratium Green with Black," and had a "Porsche Certificate of Authenticity." *See* Dkt. No. 11 at ¶¶ 34–44.

(2) Mr. Seinfeld's cause of actions for fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment arise out of the aforementioned misrepresentations. *Id.* at ¶¶ 67–89.

(3) European Collectibles' misrepresentations caused injury to Mr. Seinfeld, a New York domiciliary, in New York. "Relying on European Collectibles' representations regarding, *inter alia*, the Vehicle's authenticity, model, make, rarity, provenance, and uniqueness, Mr. Seinfeld purchased the Vehicle from European Collectibles on February 14, 2013 for $1.2 million." *Id.* at ¶ 45. On February 14, 2013, European Collectibles executed a Motor Vehicle Purchase Order listing "Jerry Seinfeld, 2971 Belmore Ave, Belmore, NY 11710" as the "Buyer." *Id.* at ¶ 48 (citing Dkt. No. 11-4). On February 8 and February 14, 2013, Mr. Seinfeld initiated wire transfers of $100,000 and $1,100,000, respectively, from his New York bank account to European Collectibles' bank account as payment for the Vehicle. *See id.* at ¶ 28. Under binding Second Circuit authority, New York is the place of injury when, as here, in reliance on the defendant's misstatements, the plaintiff sent money to the defendant from his New York bank. *See, e.g., Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 792 (2d Cir. 1999) ("Although the alleged omissions . . . occurred in Puerto Rico, New York was the place where [plaintiff] first disbursed its funds . . . . and the disbursement of funds in this case was thus the first effect of the tort that caused the injury—or, alternatively stated, the 'original event that caused the injury.'"); *Hargrave v. Oki Nursery, Inc.*, 636 F.2d 897, 900 (2d Cir. 1980) ("One immediate and direct 'injury' [defendant's] alleged tortious misrepresentations caused to plaintiffs was the loss of the money paid by them. . . . That injury was immediately felt in New York where plaintiffs were domiciled and doing business, where they were located when they received the misrepresentations. . . . Indeed, the only state in which plaintiffs had 'property' which could sustain 'injury' was New York.").

(4) There can be no dispute European Collectibles expected or reasonably should have expected its misrepresentations to have consequences in New York, as the Vehicle's Motor Vehicle Purchase Order listed a New York address under Mr. Seinfeld's name. Like the

# GIBSON DUNN

Jay Lavroff, Esq.
April 18, 2019
Page 3

defendant in *Hargrave*, "the immediate consequence which [European Collectibles] foresaw, indeed which it sought to bring about by its sales representations, was payment to it directly by a New York domiciliary." *Hargrave*, 636 F.2d at 900; *see also Related Companies, L.P. v. Ruthling*, 2017 WL 6507759, at *5 (S.D.N.Y. Dec. 18, 2017) ("[U]nder New York law, a party sending fraudulent misrepresentations into New York should reasonably expect the act to have consequences in New York.").

(5) There can also be no dispute that European Collectibles derives substantial revenue from interstate or international commerce. "For example, European Collectibles states on its website that it 'restor[es] cars for Domestic and International clients' and has 'over 30 years of experience in shipping vehicles Nationally and Internationally.'" Dkt. No. 11 at ¶ 28; *see, e.g., Related Companies, L.P.*, 2017 WL 6507759, at *8 (S.D.N.Y. Dec. 18, 2017) ("Du markets to clients throughout the United States and has derived tens of thousands of dollars of revenue from at least eleven states and four countries."); *Palace Expl. Co. v. Petroleum Dev. Co.*, 41 F. Supp. 2d 427, 436 (S.D.N.Y. 1998) (finding "substantial revenue from interstate commerce on the basis of [defendant's] statement that it is 'engaged in the business of oil and gas exploration and investment in Oklahoma and surrounding states'").

Mr. Seinfeld's Third-Party Complaint plainly satisfies all of the elements of C.P.L.R. § 302(a)(3)(ii). And "once a defendant properly is brought before a district court on a claim covered by Section 302(a)(3), the court may entertain claims that are not expressly covered by the long-arm statute, so long as they derive from the same nucleus of operative fact as claims that are." *Hanly v. Powell Goldstein, L.L.P.*, 290 F. App'x 435, 438 (2d Cir. 2008). Alternatively, this Court has personal jurisdiction over European Collectibles under C.P.L.R. § 302(a)(1) because European Collectibles knowingly contracted to supply the Vehicle to Mr. Seinfeld, a New York domiciliary. *See Sirius Am. Ins. Co. v. SCPIE Indem. Co.*, 461 F. Supp. 2d 155, 164 (S.D.N.Y. 2006) ("[Defendant] deliberately contracted to provide services to a New York entity and thus it was not unreasonable for [defendant] to anticipate being haled into court in New York . . . .").

In sum, Mr. Seinfeld has made an unassailable prima facie case of this Court's personal jurisdiction over European Collectibles in New York. Any motion to dismiss under Rule 12(b)(2) would be without merit.

Very truly yours,

Orin Snyder

Cc via facsimile: The Honorable Victor Marrero